**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD YASIN REZAEE,

Petitioner,

v. No. 1:26-cv-02468-MLG-DLM

WARDEN, Torrance County Detention Center; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner Mohammad Yasin Rezaee's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. Rezaee argues that his continued detention pursuant to a final removal order has become unconstitutional as (1) it has surpassed the presumptively reasonable six-month period of detention[1] and (2) his removal is not significantly likely to occur in the reasonably foreseeable future because Federal Respondents are unable to deport him to Afghanistan and have not identified a third country for removal. Doc. 1 at 1-2, 9. Federal Respondents[2] do not contest the facts or legal arguments presented in the Petition. *See* Doc. 5 ("For purposes of this specific case, Respondents are not submitting a factual Declaration or legal brief in opposition to the Petition. Respondents recognize that the Court may then decide to grant the Petition" and order release); Doc. 6 at 1 ("Several attempts to identify a third country that would

[1] Rezaee's withholding of removal became administratively final on July 11, 2025. *Id.* at 1. Therefore, Rezaee has been detained post-removal order for one year and three months. *Id.* at 1, 5 (citing *Matter of I-S- & C-S-*, 24 I & N Dec. 432 (BIA 2008) (holding that an order granting withholding of removal must include an explicit order of removal because "in order to withhold removal, there must first be an order of removal that can be withheld")).

[2] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than George Dedos, Warden of Torrance County Detention Facility.

accept Petitioner have been made but were unsuccessful. It is uncertain if, and when, a destination for Petitioner can be identified."). Given this, Federal Respondents have failed to rebut Rezaee's showing that "there is no significant likelihood of removal in the reasonably foreseeable future." *Bejarbaneh v. Mullin*, 1:26-CV-01451-MLG-GJF, 2026 WL 1724942, at *2 (D.N.M. June 12, 2026) (internal quotation marks omitted) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). His continued detention is therefore "unreasonable and no longer authorized by statute." *Id.* (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 699-700)).

Accordingly, Rezaee must be released within forty-eight hours of the entry of this Order, subject to appropriate conditions of supervision. *See Zadvydas*, 533 U.S. at 700. Rezaee shall be released with all of his property, including identification documentation, that was in his possession when he was detained by Respondents, along with a copy of this Order.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA